UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HERBERT S. PENROSE,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br>SCOTT FRITSCH,<br><br>　　　　　　　　　Defendant. | Case No. 3:14-cv-00278-MMD-WGC<br><br>ORDER<br><br>(Motion to Dismiss - dkt. no. 5; Motion for Preliminary Injunction - dkt. no. 12; Motion to Expunge Lis Pendens - dkt. no. 15) |

**I.　SUMMARY**

Before the Court are the following motions: (1) Defendant Scott Fritsch's ("Defendant") Motion to Dismiss (dkt. no. 5); (2) Plaintiff Herbert S. Penrose's ("Plaintiff") Motion for Permanent Injunction (dkt. no. 12); and (3) Defendant's Motion to Expunge Lis Pendens (dkt. no. 15). For the reasons set out below, the Motion to Dismiss is granted, the Motion for Permanent Injunction is denied, and the Motion to Expunge Lis Pendens is granted.

**II.　BACKGROUND**

On May 29, 2014, Plaintiff initiated this action by filing a Motion for Judicial Review ("Motion"). (Dkt. no 1.) Plaintiff's Motion arises from litigation he filed in the Second Judicial District Court of the State of Nevada, in and for the County of Washoe ("State Court") over a parcel of real property ("the Property"). (Dkt. no. 1 at 1-2.) That case concluded two years earlier when, on May 29, 2012, the State Court entered an Order of Judicial Foreclosure ("Order") that "foreclosed and extinguished in its entirety"

Plaintiff's interest in the Property. (Exh. 1, dkt. no. 1 at 11-13.) Plaintiff did not appeal the State Court judgment to the Nevada Supreme Court. (Dkt. no. 5 at 3.)

Defendant moves to dismiss the Motion under Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiff has not properly pled a basis for subject matter jurisdiction and that the *Rooker-Feldman* doctrine deprives the Court of subject matter jurisdiction. The Court notes that Plaintiff failed to respond to the jurisdictional issues raised by Defendant in the Motion to Dismiss.[1] While the Motion to Dismiss was pending, Plaintiff filed a Motion for a Permanent Injunction (dkt. no. 12) and a Notice of Lis Pendens (dkt. no. 13). Defendant filed a timely response in opposition to the Motion for a Permanent Injunction (dkt. no. 14) and filed a Motion to Expunge Lis Pendens (dkt. no. 15).

## III. DISCUSSION

Defendant's Motion to Dismiss raises threshold issues of subject matter jurisdiction. As resolution of these issues will have an effect on the pendency of the litigation, the Court will address Defendant's Motion to Dismiss first.

### A. Rule 12(b)(1) Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to seek dismissal of a claim or action for lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984-85 (9th Cir. 2008). Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *See In re Ford Motor*

///

---

[1] After the Court granted Plaintiff a 30-day extension to respond to the Motion to Dismiss (dkt. no. 10), Plaintiff filed a response and an amended response to Defendant's opposition to his request for extension (dkt. nos. 11 & 16). Neither of these documents responds to the jurisdictional issues raised by Defendant in the Motion to Dismiss.

1  *Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Pursuant to Rule 12(b)(1), a defendant may assert that the *Rooker-Feldman* doctrine deprives a federal district court of subject matter jurisdiction. *See, e.g., Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858 (9th Cir. 2008); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). State court litigants may only achieve federal review of state court judgments by filing a petition for a writ of certiorari in the Supreme Court of the United States. *Feldman*, 460 U.S. at 482.

### 1. Sufficiency of Pleading

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  Original jurisdiction must be based either on diversity of citizenship under 28 U.S.C. §1332, or on a claim involving the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §1331. Every pleading filed in federal court must contain "a short and plain statement of the grounds for the court's jurisdiction…." Fed.R.Civ.P. 8(a)(1); *see also* LR 8-1. Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Plaintiff's Motion, even when viewed under a less stringent standard, does not comply with the pleading requirements of Rule 8(a)(1). The pleading does not contain *any* statement or factual support to establish a basis for the Court to exercise subject matter jurisdiction over the claim.[2] Thus, pursuant to Rule 12(b)(1), Plaintiff has failed to meet his burden of proving the claim is properly in federal court. Although the Court recognizes that this action would normally be dismissed without prejudice to give Plaintiff an opportunity to correct the pleading, the Court dismissed with prejudice because, as

///

---

[2] Plaintiff's Exhibit 4 is of a document printed from the Internet explaining "diversity of citizenship." (Dkt. no. 1 at 85-86). However, this document is insufficient for Plaintiff to establish federal jurisdiction over *his* claim.

3

fully discussed below, the Court is otherwise deprived of subject matter jurisdiction over Plaintiff's claim.

### 2. The *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine states that federal district courts may not exercise subject matter jurisdiction over a de facto appeal from a state court judgment. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413, 414–17 (1923); *D.C. Ct. of Appeals, et al. v. Feldman*, 460 U.S. 462, 482 (1983). The doctrine applies when a federal plaintiff "asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from the state court judgment based on that decision…." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). As part of a refusal to hear a forbidden de facto appeal, a federal district court "must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Doe v. Mann*, 415 F.3d 1038, 1042 (9th Cir. 2005) (*quoting Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003)). To determine if an action operates as a de facto appeal, the court "pay[s] close attention to the *relief* sought by the federal-court plaintiff." *Cooper v. Ramos*, 704 F.3d 772, 777-78 (9th Cir. 2012) (*quoting Bianchi v. Rylaarsdam*, 334 F.3d 895, 990 (9th Cir. 2003)).

Here, to the extent Plaintiff seeks "judicial review," the Court construes the claim as a direct challenge to the correctness of the State Court's decision and a request to set the Order aside.[3] As construed, the Court concludes that Plaintiff's claim constitutes a forbidden de facto appeal of the State Court Order. *See Noel*, 341 F.3d at 1163 (explaining that a de facto appeal occurs when a plaintiff complains of a "legal injury

---

[3] Plaintiff's Motion is silent as to the exact relief sought beyond "judicial review." (Dkt. no. 1 at 1-2.) However, Plaintiff's Exhibit 1 is the Order in which Plaintiff highlighted and edited those portions he asserts contain legal and factual errors, indicating to the Court that he is challenging the Order itself. (Dkt. no. 1 at 5-9.) Additionally, Plaintiff's Exhibit 3 is the transcript of the nonjury trial with numerous handwritten marks and notes presumably made by Plaintiff to point out errors in the proceeding. (Dkt. no. 1 at 16-83.)

The Court also notes that Plaintiff had thirty (30) days to file a notice of appeal to the Nevada Supreme Court after the entry of final judgment, but Plaintiff failed to do so. *See* Nev.R.App.P. 4 (2013).

caused by a state court judgment, based on an allegedly erroneous legal ruling, in a case in which the federal plaintiff was one of the litigants"). To provide Plaintiff with the relief he seeks would require this Court to analyze the State Court's alleged legal errors and void the Order, which is equivalent to an appellate review falling squarely within the confines of *Rooker-Feldman*. Moreover, the Court may not review any issues "inextricably intertwined" with an issue addressed by the State Court. *See Doe*, 415 F.3d at 1042-43 (requesting that a federal district court undo a judgment based on an issue resolved by the state court constitutes a de facto appeal). As such, the *Rooker-Feldman* doctrine deprives the Court of subject matter jurisdiction over Plaintiff's claim and the Court accordingly dismisses Plaintiff's Motion with prejudice.

## IV.     CONCLUSION

It is hereby ordered that Defendant's Motion to Dismiss (dkt. no. 5) is granted. Plaintiff's Motion for Judicial Review (dkt. no. 1) is dismissed with prejudice.

It is further ordered that Plaintiff's Motion for a Permanent Injunction (dkt. no. 12) is denied as moot.

It is further ordered that Defendant's Motion to Expunge Lis Pendens (dkt. no. 15) is granted.

The Clerk of Court is hereby ordered to close this case.

DATED THIS 10th day of OCTOBER 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE